**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLAYTON MILO FOX,

        Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

        Respondent - Appellee.

No. 02-6157
D.C. No. CIV-01-1721-F
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Clayton Milo Fox, an Oklahoma state prisoner proceeding pro se, requests a certificate of appealability (COA) to challenge the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (no appeal unless COA issued). We deny issuance of a COA and dismiss the appeal. Mr. Fox also seeks leave to proceed on appeal without prepayment of costs and fees; that request is denied.

Background

In October 2000, Mr. Fox entered pleas of guilty to the charges of second degree rape, possession of child pornography, possession of marijuana, and conspiracy to commit a felony. Convictions were entered on the guilty pleas and Mr. Fox was sentenced to ten years on each count, with five years suspended. The sentences are to run concurrently.

Mr. Fox did not move to withdraw his guilty pleas. He filed a state post-conviction motion raising the same claims that he pursues in this habeas action. After the state district court denied relief, Mr. Fox appealed to the Oklahoma Court of Criminal Appeals. The state appellate court also denied relief, concluding that the record did "not establish [Mr. Fox] was denied effective assistance of counsel." R. doc. 11, Ex. C, at 2. The state appellate court further held that Mr. Fox's remaining contentions were procedurally barred because he had not filed a direct appeal. Id.

<u>Discussion</u>

The charges arose from Mr. Fox's involvement with a fourteen-year-old girl. He argues that because the girl was married in Texas, under Texas law, she was an adult. Therefore, he claims, the Oklahoma courts had no jurisdiction to prosecute him. He also asserts that (1) his guilty pleas were not knowing and intelligent because he was informed of an incorrect sentencing range, (2) he received cruel and unusual punishment because he was not informed of the correct sentencing range and he might have received a harsher sentence, (3) there was not a factual basis to support his guilty plea to the conspiracy charge, and (4) he received ineffective assistance of counsel.

The habeas petition was referred to a federal magistrate judge, <u>see</u> 28 U.S.C. § 636(b)(1)(B), who determined that Mr. Fox's jurisdictional claim was procedurally barred, his factual-basis claim was not cognizable in federal habeas proceedings, and the remaining claims should be denied on the merits. The magistrate judge recommended that the habeas petition be denied. The district court adopted the recommendation and denied the petition.

We have reviewed the district court's rulings on the merits to see if Mr. Fox "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In considering the district court's procedural rulings,

we inquire whether Mr. Fox showed "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."    Id.

With these standards in mind, we have carefully reviewed Mr. Fox's briefs and the record on appeal.  For the reasons underlying the magistrate judge's careful and thorough report and recommendation dated March 29, 2002, and adopted by the district court on May 3, 2002, we conclude that Mr. Fox has not made a "substantial showing of the denial of a constitutional right," and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

Leave to proceed on appeal without prepayment of costs and fees is denied. Mr. Fox is reminded that the full $105.00 filing fee for this appeal is due to the Clerk of the District Court.  The application for issuance of a COA is denied. Appeal DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-4-